Smith, J.
This case is this: Gov. Claflin and others, of the unsecured creditors of the firm of J. & A. Simpkinson & Co. (which firm had made an assignment to Judge Goebel, for the benefit of its creditors), filed their exceptions to the account of the assignee, presented for partial settlement of his trust, objecting to the allowance by the court to the assignee of voucher No. 214, showing a payment to Goebel & Bettinger, viz., the law-firm composed of the assignee, and Mr. Bettinger, his partner, *385 of the sum of $88.90, “ for cash paid for railroad fare, hotel and other expenses of the assignee, on trip to Boston and return, in behalf of the said assignment.” On the hearing in the probate court, the exceptions were overruled, and the credit to the assignee allowed, and the plaintiffs in error appealed to the court of common pleas, where a trial was had, and this judgment entered, after stating that the case rras heard on the evidence, viz.: “ On consideration whereof the court find that said exception to said item is not well taken, and does now order and adjudge, and decree that said appeal be and the same is hereby dismissed, and said appellants to pay the costs herein.” The appellants excepted to this, and filed a motion for a new trial, which was overruled, and a bill of exceptions allowed containing all of the evidence offered, and a petition in error is filed in this court, asking the reversal of such judgment, on the grounds that the court had dismissed the appeal, and had refused a new trial.
On an examination of the evidence, we find that it is clearly shown that some part of the expenses of the assignee charged for in such voucher were incurred for his personal benefit. That is, he went to Boston, not exclusively for the benefit of the trust, but one of the principal objects of the trip, as admitted by him, was to induce the unsecured creditors there, to agree that the proposed election of a trustee in his stead should be abandoned. We think the whole of these expenses should not have been charged to the estate, as was done.
Second — The form and effect of the judgment was erroneous, and not warranted by law. The case was properly appealed to the court of common pleas, and by such appeal the judgment of the probate court was vacated. Under sec. 6410 of the Revised Statutes the cause appealed was to be heard and decided by the common pleas, and its judgment on the merits should have been certified to the probate court, to stand as if it had been there rendered. An appeal is to be dismissed when the case is not appealable, or when the legal steps to effect it have not been taken.
Johnson & Levi and W. LI. Jones, attorneys for plaintiffs in error.
Goebel & Bettinger, attorneys for defendant in error.
’ Third — It is urged that the probate court or the court of common pleas was not authorized to allow this claim of extraordinary services, because the affidavit required by sec. 6357, Rev. Stat., had not been filed. The statute is express that the court shall not allow such claims, unless a bill of items be filed showing the same, with the special affidavit therein required* as to their having been necessary to the assignment, and that the amount charged therefor is reasonable, and not more than is usually paid for such services. There is much doubt whether in the absence of evidence in the bill of exceptions itself, we can look to the original papers on file to see whether such affidavit was in fact filed. We understand it to be conceded that it was not. But however this may be, we think that on the trial the burden was on the assignee to show the correctness of the account, so as to bring it within the terms of the statute. But no such evidence was there offered.
For these reasons the judgment of the court of common pleas will be reversed, and the cause remanded to the court of common pleas for a new trial.